UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    )        CHAPTER 13
MICHELLE HOLLEY NICOLAI    )        CASE: A17-63311-WLH
                                              )
                                              )
**DEBTOR**                        )

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The plan as proposed will extend to seventy-six (76) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

2.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period ending December 31, 2016. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to provide to the Trustee a copy of the 2016 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Trustee requests proof of current income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, Debtor works for Scholastic during the school year making $12.00 per hour, 35 hours per week and does temporary staffing agency work in the summers.

7.

Questions #4 and #5 of Debtor's Statement of Financial Affairs are inaccurate and/or incomplete in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

8.

It appears that Quintin Washington represents the Debtor in a pending or anticipated non-bankruptcy custody litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

9.

The plan fails to correctly treat Mississippi Department of Revenue in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 1325(a)(5).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 14th day of September, 2017.

                Respectfully submitted,

                /s/_____
                Maria C. Joyner
                Attorney for the Chapter 13 Trustee
                State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No:  A17-63311-WLH

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
MICHELLE HOLLEY NICOLAI
710 CRAB ORCHARD DRIVE
ROSWELL, GA  30076

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
GALLER LAW, LLC
david@gallerlaw.com

This the 14th day of September, 2017.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303